**Maria Del Rosario RIOS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70508.
INS No. A70–780–480.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.*

Decided March 8, 2001.

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Maria Del Rosario Rios, a native and citizen of Guatemala, petitions pro se for review of the order of the Board of Immigration Appeals ("BIA") dismissing her appeal from the immigration judge's ("IJ") denial of her request for asylum and withholding of deportation under 8 U.S.C. § 1158(a) and § 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We review for substantial evidence the BIA's adverse credibility determinations[2] and we deny the petition.

To qualify for asylum, an applicant must demonstrate that she is unable or unwilling to return to her home country because she suffered past persecution or has a well founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.[3] An alien's own testimony, when credible, can be sufficient to establish eligibility for asylum.[4]

The BIA properly dismissed Rios' appeal because its adverse credibility finding is supported by the record. The facts in Rios' testimony regarding her husband's assassination by a political rival were completely absent from and contradicted by her asylum application which stated that she sought asylum because she feared persecution from guerrillas who "mistreated" her, "assaulted her house" and destroyed her personal belongings after she sought help from the authorities based on her activities in a "Mother's Club." Because these material discrepancies relate to the basis for Rios' alleged fear of persecution and go to the heart of her asylum claim, the BIA's credibility finding is supported by substantial evidence.[5]

Because Rios failed to establish her eligibility for asylum, she necessarily failed to meet the higher standard for eligibility for withholding of deportation.[6]

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1).

2. See de Leon–Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997).

3. See Sangha v. INS, 103 F.3d 1482, 1486 (9th Cir.1997).

4. See Artiga Turcios v. INS, 829 F.2d 720, 723 (9th Cir.1987).

5. See de Leon–Barrios, 116 F.3d at 393–94.

